IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD MURDOCK, | ) | Civil Action No. 14 – 865 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | ECF No. 13 |
| DR. JIN, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

Pending before the Court is the Motion to Dismiss filed by Defendant Dr. Byunghak Jin. (ECF No. 13.) For the following reasons, Defendant's Motion will be denied without prejudice to him raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

In July 2014, Plaintiff Donald Murdock initiated this wrongful death lawsuit against the Defendant alleging that Defendant, while acting under color of state law pursuant to 42 U.S.C. § 1983, violated Plaintiff's Eighth Amendment rights while he was an inmate at SCI-Greene. *See generally*, ECF No. 3, Complaint. According to the Complaint, Defendant acted, and failed to act, in deliberate indifference to Plaintiff's medical needs after he broke his right foot on May 24, 2014. Defendant filed a Motion to Dismiss and Supporting Brief for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). (ECF Nos. 13 & 14, Mot. to Dismiss, Br. in Supp. Thereof.) Plaintiff filed a response to Defendant's Motion on September 24, 2014. (ECF No. 15.)

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544

1

(2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly*, and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803263, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12. The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal*. While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Swett*, quoting *Iqbal*, at *13. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In order to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Iqbal*, at 1951.

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). However, this standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008) (citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

Plaintiff avers that after the cast was removed x-ray showed that the break did not heal. He was finally scheduled for surgery but alleges that this took too long to occur and caused him significant pain and suffering. In Defendant's motion he correctly argues that the Eighth Amendment does not guarantee specific treatment to an inmate, nor does it compensate for negligence, but requires a higher standard of deliberate indifference to a serious medical need. He lists all of the medical care that was given to the Plaintiff and argues that the complaint

therefore fails to state facts sufficient to set forth a deliberate indifference claim.

In order to state a claim for deliberate indifference under the Eighth Amendment, a plaintiff must allege two elements: (1) he was suffering from a "serious medical need," and (2) prison officials were deliberately indifferent to the serious medical need. *Gamble v. Estelle*, 439 U.S. 897 (1978). The first showing requires the court to objectively determine whether the medical need was "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988). The second prong requires the court to subjectively determine whether the officials acted with a sufficiently culpable state of mind. Deliberate indifference may be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury. *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993).

Should all of the allegations in Defendant's Motion be proven true, Defendant may very well succeed on a motion for summary judgment. Unfortunately, as this is a motion to dismiss, the Court cannot accept those allegations as true. On the contrary, the Court must accept the allegations set forth in Plaintiff's Complaint, and those allegations, when taken as true, allow the Court to draw a reasonable inference that the Medical Defendant was deliberately indifferent to Plaintiff's medical needs and that the complaint meets the standards as enunciated in *Twombly* and *Iqbal*; *See also*, *Fowler v. UPMC Shadyside*, No. 07-4285 (3d Cir. Aug. 18, 2009), quoting *Iqbal*, 129 S.Ct. at 1949 ("To prevent dismissal, all civil complaints must now set out 'sufficient

factual matter' to show that the claim is facially plausible.  This then 'allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged.'").  Therefore,

**IS HEREBY ORDERED,** this 2nd, day of April, 2015**,** after due consideration to Defendant's Motion to Dismiss the Complaint (ECF No. 13), and Plaintiff's response thereto (ECF No. 15),  that Defendant's Motion is **DENIED** without prejudice to Defendant raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

       /s/ Lisa Pupo Lenihan
       Lisa Pupo Lenihan
       U.S. Magistrate Judge

cc:       Donald Murdock
          HQ – 0470
          S.C.I. Greene
          175 Progress Drive
          Waynesburg, PA  15370